**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Felipe Martinez RAMIREZ,**
**Defendant–Appellant**

**No. 16-10109**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed November 3, 2016

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Jerry Van Beard, Esq., Assistant Federal Public Defender, Kevin Joel Page, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, David E. Sloan, Assistant Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, Lubbock, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:

Felipe Martinez Ramirez was convicted of one count of producing child pornography and was sentenced to serve 210 months in prison and ten years on supervised release. In the sole issue raised in this appeal, he argues that his sentence is procedurally and substantively unreasonable because U.S.S.G. § 2G2.1 lacks an empirical basis.

As Martinez Ramirez acknowledges, this argument is unavailing under *United*

*States v. Miller*, 665 F.3d 114, 121–22 (5th Cir. 2011), which involved U.S.S.G. § 2G2.2. In *Miller*, we explained that we "will not reject a Guidelines provision as unreasonable or irrational simply because it is not based on empirical data and even if it leads to some disparities in sentencing." 665 F.3d at 121–22. Instead, we follow the logic that "[e]mpirically based or not, the Guidelines remain the Guidelines." *Id.* at 121. The same logic controls here, and the judgment of the district court is AFFIRMED.

Although the logic of *Miller* is controlling, since it involves a different Guideline than that at issue here, we decline to grant summary disposition. Nonetheless, because Martinez Ramirez is not entitled to relief, there is no need for further briefing. Accordingly, the Government's motion for summary affirmance and, in the alternative, an extension of time to file its brief, is DENIED.